```
                                                    RECEIPT #_____
                                                    AMOUNT $_____
                                                    SUMMONS ISSUED____
                                                    LOCAL RULE 4.1____
              UNITED STATES DISTRICT COURT          WAIVER FORM_____
          FOR THE DISTRICT OF MASSACHUSETTS         MCF ISSUED_____
                                                    BY DPTY. CLK._____
                                                    DATE_____1-24-05__
```

JOHN GACHAGO,                    )
                                 )
        Plaintiff,                )
                                 )    Civil Action No.
   vs.                           )
                                 )    **05-10141 RGS**
BRISTOL MYERS SQUIBB, and         )
AMERICAN EXPRESS,                )
                                 )
        Defendants                )
                                 )
                                      MAGISTRATE JUDGE _____

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant Bristol-Myers Squibb Company ("BMS") hereby removes to this Court the state court action entitled <u>John Gachago v. Bristol Myers Squibb et al.</u>, Civil Action No. 04CV2682, filed in Quincy District Court, Norfolk County, on or about December 20, 2004. Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders received by BMS is being filed with this Notice at Tab A. In support of removal, BMS states as follows:

## GROUNDS FOR REMOVAL

1. This Court has jurisdiction over this removed action under 28 U.S.C. § 1441 because this action originally could have been filed in this Court under 28 U.S.C. §§ 1331 and 1332. More specifically, this Court has original jurisdiction over this action under 28 U.S.C. § 1331 because some or all of the claims alleged in the Complaint arise under the Constitution, Laws, or treatises of the United States. The Complaint requests relief under the Fair Credit Reporting Act, 15 U.S.C. § 1681 <u>et seq.</u> <u>See</u> Complaint at ¶ 12. Some or all of Plaintiff's claims are thus founded in and arise under the laws of the

United States. To the extent that any of the claims alleged in the Complaint do not relate to 15 U.S.C. § 1681 et seq., they fall within the principles of supplemental jurisdiction under 28 U.S.C. § 1367, therefore making the removal of the entire case proper.

2. In addition, diversity jurisdiction exists under 28 U.S.C. § 1332 because the plaintiff is a citizen of the Commonwealth of Massachusetts, defendant Bristol-Myers Squib Company is a Delaware corporation with a principal place of business in New York, and the complaint alleges that defendant American Express is a New York corporation with a principal place of business in New York. The Plaintiff is seeking $400,000 in damages. Therefore, the amount in controversy exceeds $75,000. As a result, this Court has jurisdiction over this removed action under 28 U.S.C. § 1441.

3. As Defendant is filing this Notice of Removal within 30 days after December 23, 2004, the date on which CT Corporation System, registered agent of BMS, was served with Plaintiff's complaint, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 101 because it is the "district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a).

5. American Express Travel Related Services, Inc. ("American Express"), improperly named in the Complaint as American Express, consents to removal of this action.

6. No previous application has been made for the relief requested herein.

7.      In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff and Defendant American Express and a copy is being filed with the Clerk of Quincy District Court, Norfolk County.

Respectfully submitted,<br>
BRISTOL-MYERS SQUIBB COMPANY<br>
By its attorney,

*[signature]*

Eve Slattery (BBO #634776)<br>
Dwyer & Collora, LLP<br>
600 Atlantic Avenue<br>
Boston, MA 02210<br>
(617) 371-1000

Dated: January 24, 2005

## CERTIFICATE OF SERVICE

I certify that on this 24th day of January, 2005, I caused copies of the foregoing Notice of Removal to be served by first-class U.S. mail, postage prepaid on:

John Gachago
21 Linden Park Drive
Randolph, MA 02368

Joseph S. Sano
Paige A. Scott Reed
Prince Lobel Glovsky & Tye LLP
585 Commercial St.
Boston, MA 02109

COMMONWEALTH OF MASSACHUSETTS

NORFOLK COUNTY                              QUINCY DISTRICT COURT

                                            CIVIL COURT

JOHN GACHAGO,                    ) Case No: 04CV2682
                                 )
          Plaintiff,             ) COMPLAINT FOR RELIEF
                                 )
     vs.                         )
                                 )
BRISTOL MYERS SQUIBB and         )
                                 )
AMERICAN EXPRESS                 )
                                 )
GC SERVICES LIMITED PARTNERSHIP

          Defendant(s)

---

1. The Plaintiff, JOHN GACHAGO is an individual currently residing in the state of Massachusetts with a usual place of domicile at 21 Linden Park Drive, Randolph, MA 02368 and formerly employed as a Territory Business Manager for Bristol Myers Squibb in the S E Massachusetts territory until May 3rd 2004.

2. The Defendants Bristol Myers Squibb (Tax ID#220790350) a corporation duly organized under the laws of the state of Delaware and American Express Company (Tax ID#134922250) organized under the laws of the state of New York and whose usual places of doing business respectively are 200 Vessey Street, New York, NY 10154 and 345 Park Ave, New York, NY 10154 and whose agents in common the state of Massachusetts is CT

COMPLAINT - 1

CORPORATION SYSTEM located at 101 FEDERAL STREET BOSTON MA 02110. The defendants will hereafter be referred to as BMS and AMEX respectively.

3. On April 27th 2004 the plaintiff filed a 4-week notice of resignation with his former employer Bristol Myers Squibb. Upon doing so he was asked by his manager at the time Joe Deluca to complete a final expense report and make arrangements to return all company material for a final close out by May 3rd 2004. Joe Deluca acting on behalf of Bristol Myers Squibb and his former manager of 3 months insisted that he close the plaintiff out on May 3rd 2004 well before the standard 2-week resignation typically permits. While standard close out procedures required Bristol Myers Squibb to collect all the company materials and company car from the resigning employees home, the plaintiff offered to leave his home in Massachusetts and deliver the company car and materials to Joe Deluca (Bristol Myers Squibb) at the Providence Marriott in Rhode Island for the final close out and completion of his responsibility to Bristol Myers Squibb. Joe Deluca as the manager for the Providence District and on behalf of Bristol Myers Squibb completed a checklist confirming that all company property had been returned and the plaintiff's services to Bristol Myers Squibb were complete making his resignation effective on May 3rd 2004.

4. On or around September 1st 2004 the plaintiff returned from a 3-week vacation to his current job only to find that there was a hold on his current American Express card provided by his current employer. The plaintiff also found a message on his answering machine from American

COMPLAINT - 2

Express calling about the balance on the plaintiffs BMS issued American Express corporate card.

5. The plaintiff then made multiple attempts to communicate with American Express on this matter explaining that this was not his personal account but rather Bristol Myers Squibb's corporate card and consequently there should be no hold on his current employer issued Amex corporate card if American Express had outstanding issues with the Bristol Myers Squibb issued American Express corporate card. After several exhaustive attempts and several days of being at a significant business disadvantage due to the hold on his currently issued AMEX corporate card he finally reached a Sandy at American Express in their collections department at telephone number 866 505 6811. Sandy on behalf of American express seemed to insist that this was the plaintiffs account and then proceeded further to explain something vague about the fact that it was a limited liability account and consequently was the plaintiffs responsibility. During this same conversation the plaintiff asked her to get in touch with Cathleen Everk who is the corporate card administrator who would in turn confirm this was a BMS account. She declined and insisted that this was the plaintiffs account even through it clearly read Bristol Myers Squibb and was paid for by Bristol Myers Squibb for the last 4 years. Sandy also said there was nothing she could do until BMS contacted Amex regarding this matter however she would not initiate the call. The plaintiff then decided the next best course of action was to

COMPLAINT - 3

communicate with the Bristol Myers Squibb corporate card administrator Cathy Everk.

6. The plaintiff then communicated with Cathy Everk at Bristol Myers Squibb at telephone number 6094196584 and email cathy.everk@bms.com with a copy to Joe Deluca (BMS Providence Territory Manager) and Elaine Ferannaci (BMS Region Business Director) at the time. The plaintiff explained the situation asked that BMS communicate with American Express on this matter explaining that this was BMS account and not the plaintiff's account.

7. Between Aug 27th and September 10th several emails were exchanged with or copied to the plaintiff from BMS. On one of these emails dated September 3rd 2004 the plaintiff received communication from Cathy Everk at BMS that she had been in touch with Amex and let them know of the situation. In another of these emails Cathy Everk representing BMS as Corporate Card Administrator claimed that she could not have the charges paid without the managers (Joe Deluca) approval. In a separate email she copied the plaintiff on an email in which she clearly states that she could see that the plaintiffs final report was paid yet she further alledges there is a past due amount of $1149.27. In the same email dated Augst 27th she asks Joe Deluca if he wants the plaintiff to reconcile the $1149.27 and if so she can send him all his Amex statement. Shortly theraftre Cathy Everk (BMS) chose to mail the plaintiff statements that were 2 years old claiming the outstanding amount was the plaintiffs responsibility. In an attached note to the

COMPLAINT - 4

statement Cathy Everk(BMS) demanded rather ludicrously that the plaintiff reconcile these statements for the last 2 years and provide what she alleges were missing receipts.

8. The plaintiff then called American express to confirm communication form BMS to them regarding this matter. At this point Amex confirmed that Cathy Everk on behalf of BMS had called and confirmed that BMS was going to pay off this account and because of this Amex agreed to remove the hold on the plaintiffs' Amex card issued by his current employer. At that point the plaintiff was led to believe that Amex resolved the matter he would no longer have to be concerned about it.

9. On or around November 25, 2004 as the plaintiff was seeking to refinance his home and purchase a new home he became aware of a derogatory report on his credit history suggesting that he was indebted to American Express to the tune of $1219.00. For this specific reason the mortgage company denied him both the refinance and the new mortgage for the new home he and his family are relocating to. Other recent denials for credit as a result of this issue include that for office furniture and business equipment, not to mention the failure to obtain a lower interest rate.

10. The plaintiff then got in touch with the American Express Credit bureau unit in Ft Lauderdale, FL at 954 503 3787 or fax 954 503 7695 on 12/7/04 at 2.39 pm where he spoke with a Mrs Gordon. The latter confirmed that this outstanding amount of $1219 was still showing on the plaintiffs

COMPLAINT - 5

personal credit record as unpaid by him even though it clearly showed that it was a Bristol Myers Squibb Account. When the plaintiff asked how he could have this BMS account taken off their record as his personal account she suggested the plaintiff call BMS and ask that they call Amex. She also indicated that it was in collection by a company called GC Services. In her words if the plaintiff wanted any further detail on it such as the account number he would have to contact GC Services, which was the collection agency. Prior to this the plaintiff communicated in writing and via certified mail to GC Services asking they no longer call his home for a debt that they were fully aware was not the plaintiffs.

11. Due to this negligence and deceptive corporate irresponsibility on both the parts of BMS and AMEX the plaintiff has suffered as follows: His credit score and history has been substantially damaged resulting in denial of a mortgage to refinance his current home and the denial of a mortgage for the new home he and his family needed to begin construction on in December 2004 to occupy by June 2004. In addition due to this problem other credit providers have denied the plaintiff credit due to the mar on his credit report

12.   Wherefore the plaintiff demands that the court award judgment in the amount of $385,000 as commensurate with the lost ability to secure

a mortgage in the equivalent amount due to this erroneous report on the plaintiffs credit history, instruct the defendants to immediately withdraw in writing any and all derogatory credit as required by the Fair Credit Reporting Act. Further the plaintiff demands that under the authority of the court that the defendants write letters to every creditor that has requested a copy of the plaintiffs credit history in the preceding 12 months, cease and desist from having collections agencies such as GC Services from harassing the plaintiff for this alleged amount of $1200.

13. Wherefore the plaintiff also asks that the court compel BMS to ensure that all Bristol Myers Squibb Territory Business Managers are made aware that the American Express Corporate Card issued by the same is the responsibility of the company and hold them harmless for any charges incurred for business purposes. Similarly when Territory Business Managers such as the plaintiff do obtain the American Express Card to conduct business on behalf of the defendant (BMS) that the employee's personal social security number be exempted form the card application completion process and instead require that the company's tax identification number solely be provided.

14. Wherefore the plaintiff also asks the court to compel American Express to release all employees of any liability when conducting business on their employers' behalf on an Amex corporate credit card issued in the employers name.

1  15. Wherefore the plaintiff charges that BMS deceptively compels its
2      employees to accept the American Express Corporate card in such a manner
3      that implies that it is a precondition for employment and further
4      prevents employees from using the same for personal use but in fact hold
5      the very same employees responsible for debt incurred on the company's
6      behalf and while engaged in company business.

                                                        PLAINTIFF

                                                        By:  John Gachago (Pro se)

                                                             21 Linden Park Drive,
                                                             Randolph, MA 02368

15     Dated this 17th day of December, 2004

       Sent via certified mail return receipt to Bristol Myers Squibb and
17  American Express at CT Corporation System 101 Federal Street, Boston, MA
    02110.

1   15.  Wherefore the plaintiff charges that BMS deceptively compels its

2        employees to accept the American Express Corporate card in such a manner

3        that implies that it is a precondition for employment and further

4        prevents employees from using the same for personal use but in fact hold

5        the very same employees responsible for debt incurred on the company's

6        behalf and while engaged in company business.

                                                    PLAINTIFF

                                                    By:   John Gachago (Pro se)

                                                          21 Linden Park Drive,
                                                          Randolph, MA 02368

        Dated this 17th day of December, 2004

        Sent via certified mail return receipt to Bristol Myers Squibb and
American Express at CT Corporation System 101 Federal Street, Boston, MA
02110.

COMPLAINT - 8

| STATEMENT OF DAMAGES St. 1996, c. 358, § 5 | DATE FILED (To be added by Clerk) | DOCKET NUMBER (To be added by Clerk) | Trial Court of Massachusetts |
|---|---|---|---|
| PLAINTIFF(S) JOHN GACHAGO 21 LINDEN PARK DRIVE RANDOLPH MA 02368 | DEFENDANT(S) BRISTOL MYERS SQUIBB AMERICAN EXPRESS GC SERVICES LTD | | |

INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN MIDDLESEX AND NORFOLK COUNTIES – SUPERIOR COURT: IN ALL CIVIL ACTIONS; DISTRICT COURT: IN ALL CIVIL ACTIONS SEEKING MONEY DAMAGES.

COUNTY: ☐ Middlesex ☐ Norfolk
SUPERIOR COURT: ☐ Cambridge ☐ Lowell ☐ Dedham
DISTRICT COURT: _____ Division

## TORT CLAIMS — AMOUNT

A. Documented medical expenses to date:
  1. Total hospital expenses: ............................................... $ _____
  2. Total doctor expenses: ................................................. $ _____
  3. Total chiropractic expenses: ....................................... $ _____
  4. Total physical therapy expenses: ............................... $ _____
  5. Total other expenses (Describe) _____ $ _____

  SUBTOTAL: $ _____

B. Documented lost wages and compensation to date: _____ $ _____
C. Documented property damages to date: _____ $ _____
D. Reasonably anticipated future medical and hospital expenses: _____ $ _____
E. Reasonably lost wages: _____ $ _____
F. Other documented items of damage (Describe): _____ $ _____

G. Brief description of Plaintiff's injury, including nature and extent of injury (Describe):
_____
_____

For this form, disregard double or treble damage claims; indicate single damages only. TOTAL: $ _____

## CONTRACT CLAIMS — AMOUNT

Provide a detailed description of claim(s): ① DENIAL OF MORTGAGE AND REFINANCE ② DENIAL OF CREDIT LINE FOR BUSINESS/OFFICE EQUIPMENT ③ INABILITY TO CONTINUE WITH CONSTRUCTION OF HOME IN FLORIDA AS A RESULT OF MORTGAGE DENIAL.

$ 385,000
$ 15,000
$ _____

For this form, disregard double or treble damage claims; indicate single damages only. TOTAL: $ 400,000

ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF):
Signature: [signed] 12/20/04
Print or Type Name: JOHN GACHAGO   B.B.O.#
Address: 21 LINDEN PARK DRIVE
RANDOLPH, MA 02368

DEFENDANT'S NAME AND ADDRESS:
BRISTOL MYERS SQUIBB AND
AMERICAN EXPRESS
c/o CT CORPORATION SYSTEM
101 FEDERAL ST
BOSTON, MA 02110

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **John Gachago v. Bristol-Myers Squibb Company, et al.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

    ☒  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    ☐  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    ☐  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

    YES ☐   NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES ☒   NO ☐

    A. If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☒    Central Division ☐    Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   **Eve Slattery**
ADDRESS   **Dwyer & Collora, LLP, 600 Atlantic Ave., Boston, MA 02210**
TELEPHONE NO.   **617-371-1000**

(Coversheetlocal.wpd - 10/17/02)

**05cv10141 RGS**

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
John Gachago

### DEFENDANTS
Bristol-Myers Squibb Company, American Express Company

(b) County of Residence of First Listed Plaintiff    **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
John Gachago, Pro Se, 21 Linden Park Drive, Randolph, MA 02368

Attorneys (If Known)
See attachment.

SCANNED 1/26/05
DATE __ BY __ M.P.

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  / ☐ 365 Personal Injury - Product Liability |  | **PROPERTY RIGHTS** | ☒ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
|  |  / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) |  |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  |  / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**28 U.S.C. s. 1441(a)**
Brief description of cause: **Claim regarding Fair Credit Reporting Act**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **400,000**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE **1/24/05**
SIGNATURE OF ATTORNEY OF RECORD
[signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

A·1

**05 CV 10141 RGS**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __John Gachago v. Bristol-Myers Squibb Company, et al.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐    NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Eve Slattery__
ADDRESS __Dwyer & Collora, LLP, 600 Atlantic Ave., Boston, MA 02210__
TELEPHONE NO. __617-371-1000__

SCANNED
DATE: 1/26/05
BY: M.P.

(Coversheetlocal.wpd - 10/17/02)