UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN GACHAGO,<br>    Plaintiff<br><br>v.<br><br>BRISTOL MYERS SQUIBB, and<br>AMERICAN EXPRESS,<br>    Defendants | CIVIL ACTION NO.<br><br>05-10141-RGS |

## ANSWER OF DEFENDANT AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC. TO COMPLAINT DATED DECEMBER 17, 2004

Defendant American Express Travel Related Services Company, Inc., ("American Express TRS"), improperly designated in the Complaint as "American Express", answers the correspondingly numbered paragraphs of the plaintiff's complaint as follows:

1. American Express TRS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2. American Express TRS admits that American Express Company (Tax ID #134922250) is organized under the laws of the state of New York; admits that American Express Company's principal office is located at 200 Vessey Street, New York, NY, 10154; admits that CT Corporation System is American Express Company's registered agent in Massachusetts; and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3. American Express TRS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

4. American Express TRS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

5. American Express TRS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

6. American Express TRS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

7. American Express TRS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

8. American Express TRS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

9. American Express TRS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

10. American Express TRS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

11. Denied.

12. The allegations in this paragraph constitute requests for relief to which no response is required. To the extent a response is required, American Express TRS denies the allegations in this paragraph.

13. The allegations in this paragraph constitute requests for relief to which no response is required. To the extent a response is required, American Express TRS denies the allegations in this paragraph.

14. The allegations in this paragraph constitute requests for relief to which no response is required. To the extent a response is required, American Express TRS denies the allegations in this paragraph.

15. To the extent that the allegations of this paragraph do not pertain to American Express TRS, no response is required. To the extent that a response is required, American Express TRS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

American Express TRS will rely on the following affirmative defenses if applicable and if supported by facts developed in discovery:

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has not suffered any injury or damage by reason of any act or omission by American Express TRS.

### THIRD AFFIRMATIVE DEFENSE

The injuries or damages plaintiff complains of were not reasonably foreseeable to American Express TRS.

### FOURTH AFFIRMATIVE DEFENSE

The injuries or damages plaintiff complains of were caused in whole or in part by plaintiff's negligence.

### FIFTH AFFIRMATIVE DEFENSE

American Express TRS's acts or omissions were not the proximate cause of plaintiff's injuries or damages.

SIXTH AFFIRMATIVE DEFENSE

American Express TRS complied with all laws and federal regulations in effect at the time.

SEVENTH AFFIRMATIVE DEFENSE

To the extent, if any, that American Express TRS violated a federal law or regulation with respect to plaintiff, the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff, at all relevant times, failed to take reasonable steps to mitigate the injuries and damages alleged in the Complaint.

NINTH AFFIRMATIVE DEFENSE

American Express TRS intends to rely upon such other and further defenses as may become available or apparent during discovery in this case, and reserves the right to amend its answer to assert any such defense.

AMERICAN EXPRESS TRAVEL RELATED
SERVICES COMPANY, INC.

By its attorneys,

*Paige Scott Reed*
Joseph S. Sano, BBO # 545706
Paige A. Scott Reed, BBO #637905
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8000

Date: February 9, 2005

"I hereby certify that I have made service of the foregoing document in accordance with the provisions of Fed. R. Civ. P. 5."