UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

JOHN GACHAGO,                              )
                                           )
            Plaintiff,                     )
                                           )
      vs.                                  )
                                           )   CIVIL ACTION NO. 05-10141-RGS
BRISTOL MYERS SQUIBB, and                  )
                                           )
AMERICAN EXPRESS,                          )
                                           )
            Defendants                     )
_____)


ANSWER OF DEFENDANT BRISTOL-MYERS SQUIBB COMPANY

Defendant Bristol-Myers Squibb Company ("BMS") answers the correspondingly numbered paragraphs in the plaintiff's Complaint as follows:

1.      BMS is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's domicile.  BMS admits that plaintiff was formerly employed by BMS as an Associate Territory Manager with a termination date effective May 13, 2004.

2.      BMS admits that it is corporation organized under the laws of the state of Delaware with a tax identification number of 22-00790350; admits it has a usual place of doing business at 345 Park Avenue, New York, NY 10154; admits that CT Corporation System is its registered agent in Massachusetts; and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

3.      Denied.

4.      BMS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5.      BMS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6.      BMS admits that plaintiff communicated with representatives of BMS. BMS further admits the allegations in the second sentence in this paragraph.

7.      BMS admits that several emails were exchanged between plaintiff and BMS between August 27 and September 10.  The documents identified in this paragraph speak for themselves.  The remaining allegations are denied.

8.      BMS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9.      BMS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10.      BMS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11.      Denied.

12.      No response is required to the plaintiff's prayer for relief set forth in this paragraph.  Any remaining allegations are denied.

13.      No response is required to the plaintiff's prayer for relief set forth in this paragraph.  Any remaining allegations are denied.

14.      No response is required to the plaintiff's prayer for relief set forth in this paragraph.  To the extent that the allegations in this paragraph do not pertain to BMS, no response is required.  Any remaining allegations are denied.

15.      Denied.

Further answering, BMS denies any remaining allegations in the Complaint that are not expressly admitted herein and further denies that plaintiff is entitled to any of the relief sought in the Complaint or to any other or further relief from the Court.

<u>AFFIRMATIVE DEFENSES</u>

<u>First Affirmative Defense</u>

The Complaint should be dismissed for insufficiency of process.

<u>Second Affirmative Defense</u>

The Complaint fails to state a claim upon which relief can be granted.

<u>Third Affirmative Defense</u>

The injuries or damages plaintiff complains of were caused in whole or in part by plaintiff's negligence.

<u>Fourth Affirmative Defense</u>

BMS's acts or omissions were not the proximate cause of plaintiff's injuries or damages.

<u>Fifth Affirmative Defense</u>

The injuries or damages plaintiff complains of were not reasonably foreseeable to BMS.

<u>Sixth Affirmative Defense</u>

The plaintiff cannot demonstrate certain contractual obligations on which it purports to sue.

<u>Seventh Affirmative Defense</u>

The Plaintiff failed to perform its obligations under the alleged contract.

<u>Eighth Affirmative Defense</u>

The plaintiff failed to mitigate his damages.

<u>Ninth Affirmative Defense</u>

The plaintiff's claim is barred by the doctrines of waiver and/or release.


The Defendant reserves the right to amend its answer to add such other further defenses and/or counterclaims as become available and apparent during the course of discovery in this action.


WHEREFORE, Defendant respectfully requests that this Court grant judgment dismissing the plaintiff's Complaint with prejudice and costs, along with other and further relief as is just.


Respectfully submitted,
BRISTOL-MYERS SQUIBB COMPANY
By its attorney,


/s/ Eve Slattery_____
Eve Slattery (BBO #634776)
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 371-1000

Dated: February 14, 2005

Certificate of Service

I hereby certify that a copy of the Answer of Defendant Bristol-Myers Squibb Co. has been served upon John Gachago, 21 Linden Park Drive, Randolph, MA 02368 by first class mail on this the 14th day of February, 2005.


/s/ Eve Slattery_____
Eve Slattery