UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN GACHAGO,<br><br>　　　　Plaintiff<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB, and<br>AMERICAN EXPRESS,<br><br>　　　　Defendants | CIVIL ACTION NO.<br>05-10141-RGS |

## DEFENDANT BRISTOL-MYERS SQUIBB COMPANY'S MOTION
## TO DISMISS THE AMENDED COMPLAINT

Defendant Bristol-Myers Squibb Company ("BMS" or the "Company") hereby moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss all claims against BMS set forth in Plaintiff's Amended Complaint. In support of this Motion, BMS relies on its Memorandum of Law in Support of its Motion to Dismiss filed herewith and incorporated herein by reference. As grounds for this motion, BMS states the following:

1.　Count I should be dismissed because Plaintiff has failed to state a claim for breach of contract. Plaintiff claims that BMS breached two distinct contracts: a Corporate Cardmember Agreement and an "implicit monthly expenses report payment procedures established as a course of business." As to the first alleged contract, Plaintiff can cite to no specific provision setting forth the contractual obligation purportedly breached by BMS. As to the second alleged contract, Plaintiff fails to set forth sufficient facts establishing the existence of this contract or any breach thereof.

2.　Count II should be dismissed because Plaintiff has failed to state a claim for violation of implied covenant of good faith and fair dealing. A claim for breach of the

covenant of good faith and fair dealing has only been recognized in employment cases under Massachusetts law where there has been a bad faith termination of the employee. Given that Plaintiff voluntarily resigned from the Company, he can not sustain a claim under this theory.

    3.    Count III should be dismissed because Plaintiff's claim for intentional interference with a contract fails to state a claim. A claim for interference with a contract cannot lie with a party to the contract such as BMS. Plaintiff also cannot sustain a claim for liability under this count as no facts are alleged to support a finding of BMS's intentional and improper interference with Mr. Gachago's contract with American Express. His damages are not the result of any action by BMS but instead directly stem from his agreement to be personally liable for all charges on his credit card.

    4.    Count IV should be dismissed because Plaintiff's claim of intentional interference with an employment relationship is insufficient. BMS had no knowledge of Plaintiff's employment with Astra Zeneca. As well, there are no allegations that give rise to an inference of any intentional interference by BMS with the Plaintiff's employment relationship with Astra Zeneca, let alone by improper motive or means. He is not able to state a claim of causation of his damages due to his own agreement to be personally liable for the charges on his American Express card. Finally, Plaintiff fails to set forth the requisite pecuniary loss.

WHEREFORE, BMS requests that its Motion to Dismiss be allowed and that Plaintiff's Amended Complaint be dismissed with prejudice in its entirety.

## REQUEST FOR ORAL ARGUMENT

BMS requests an oral argument on its Motion to Dismiss pursuant to Local Rule 7.1(d).

Respectfully submitted,<br>
BRISTOL-MYERS SQUIBB COMPANY<br>
By its attorney,<br><br>
_Eve Slattery_ /jor<br>
Eve Slattery (BBO #634776)<br>
Dwyer & Collora, LLP<br>
600 Atlantic Avenue<br>
Boston, MA 02210<br>
(617) 371-1000

Dated: July 25, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon attorney of record for the Plaintiff by first-class mail on July 25, 2005.

_Eve Slattery_ /np
Eve Slattery

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I hereby certify that on July 20, 2005, Eve Slattery, counsel for the defendant Bristol-Myers Squibb Company, and Douglas Surprenant, counsel for the Plaintiff, conferred and attempted in good faith to resolve or narrow the issues presented herein.

_Eve Slattery_ /up
Eve Slattery